**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Beverly Barnes and Brian Johnston, on behalf of themselves and all others similarly situated, | ) ) ) | |
| | ) | **ORDER DENYING DEFENDANTS' MOTION TO STAY** |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:07-cv-074 |
| Zurn Pex, Inc. and Zurn Industries, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

---

## I.   BACKGROUND

This is a putative class action filed by residents of Bismarck, North Dakota, for the premature failure of plumbing fittings. The plaintiffs, Beverly Barnes and Brian Johnston, contend that brass plumbing fittings manufactured and sold by the defendants, Zurn Pex Inc., and Zurn Industries, Inc. ("Zurn"), were defective and fail when used in potable water plumbing systems.

On November 16, 2007, Zurn moved to stay this case until a federal district court in Minnesota decides whether a class should be certified. See Docket No. 5. The Minnesota case, Cox v. Zurn Industries, was removed to federal court in August 2007 and is in the initial discovery phase. A scheduling order has not been issued in Cox. It is presently not known when or whether a motion for class certification will be filed. Whether North Dakota residents will be included in the Cox case will not be known until the federal court in Minnesota decides (1) whether a class will be certified, and (2) whether the class will include North Dakota property owners.

There are presently three lawsuits pending against Zurn arising out of allegations that Zurn

is responsible for damages resulting from the defective design, manufacture, and failure of its Qick/Sert brass fittings, namely, (1) this action; (2) an action entitled Cox v. Zurn Pex, Inc. and Zurn Industries, Inc., No. 07-3652 (ADM/RLE), pending in the District of Minnesota; and (3) an action entitled Minnerath v. Zurn Industries, LLC and Zurn Pex, Inc., No. 07-4849 (JMR/RLE), also pending in the District of Minnesota.

On July 10, 2007, Denise Cox and Terry Cox commenced a putative class action lawsuit in Minnesota involving the premature failure of brass fittings sold by Zurn for use in potable water plumbing systems. The lawsuit was filed in the Becker County District Court, Seventh Judicial District, State of Minnesota. (Docket No. 21-3) The plaintiffs in Cox asserted a number of products liability claims against Zurn based on negligence and warranty theories. On August 8, 2007, Zurn removed the case to the United States District Court for the District of Minnesota where it remains pending. (Docket No. 21-4)

The plaintiffs in this action, Beverly Barnes and Brian Johnston, commenced a lawsuit against Zurn on October 23, 2007, alleging that Zurn is responsible for damages resulting from the defective design, manufacture and the premature failure of its Qick/Sert brass fittings. See Docket No. 1. The complaints in this action and the Cox lawsuit in Minnesota are similar but not identical.

One day after the present lawsuit was commenced, the parties in the Cox lawsuit appeared at a pre-trial hearing before Chief Magistrate Judge Raymond L. Erickson in Minnesota, wherein the parties addressed a pending motion for a single phase discovery plan. On October 26, 2007, three days after commencement of this action, Chief Magistrate Judge Erickson issued an order formally denying the Cox plaintiffs' motion, while still allowing inquiry into issues relating to both

merits and class certification.   (Docket No. 21-5)   The initial pretrial conference in <u>Cox</u> was rescheduled for December 17, 2007.

On November 15, 2007, Zurn filed an answer to the plaintiffs' complaint in the present case. <u>See</u> Docket No. 3.  One day later, Zurn filed the present motion to stay these proceedings pending a class determination in the <u>Cox</u> action in Minnesota.  By contemporaneous motion, Zurn asked the federal district court in Minnesota to enjoin the plaintiffs' counsel from instituting any other actions seeking similar relief against Zurn in any other court.  A hearing on Zurn's motion to enjoin the plaintiffs' counsel was held in connection with the parties' pre-trial conference on December 17, 2007.  The motions were taken under advisement.  The Court is unaware of the status of those pending motions in Minnesota.

Subsequent to the filing of the present action but before the <u>Cox</u> parties' December 17, 2007, pre-trial hearing in Minnesota, another lawsuit was filed against Zurn by different plaintiffs represented by different counsel in the District of Minnesota, arising out of alleged failures of Zurn's Qick/Sert brass fittings.  (Docket No. 21-6)

## II.    <u>LEGAL ARGUMENT</u>

It is well-established that a trial court has the inherent power to stay proceedings to control its docket, to conserve judicial resources, and to ensure that each matter is handled "with economy of time and effort for itself, for counsel, and for litigants."   <u>Landis v. North Amer. Co.</u>, 299 U.S. 248, 254 (1936).  The consideration to stay proceedings involves an "exercise of judgment, which must weigh competing interests and maintain an even balance."   <u>Id.</u> at 254-255.  The party requesting a stay "must make out a clear case of hardship or inequity in being required to go

forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." <u>Id.</u> at 255; <u>see</u> <u>Jones v. Clinton</u>, 72 F.3d 1354, 1364 (8th Cir. 1996).

The Court finds that the requested stay is neither necessary nor in the interests of justice. Zurn has asserted two objectives it claims would be accomplished through the issuance of a stay of these proceedings, neither of which is compelling.  Zurn argues that a stay should be issued to (1) simplify issues and promote judicial economy; and (2) prevent alleged forum shopping.  A review of the record makes it clear that neither of these rationales support the issuance of a stay.

Zurn has offered rather broad and conclusory statements about simplification of the issues and judicial economy:

> Allowing the first-filed action to proceed to the certification decision while staying this action will conserve judicial and party resources. If a class is certified in the District of Minnesota, the scope of the class will be highly relevant to this Court as it considers certification of the different classes proposed by the plaintiffs.

<u>See</u> Docket No. 6, p. 6.  Such general statements do meet Zurn's burden of establishing a clear hardship or inequity in proceeding with the present action.

More important, this case should not be stayed pending a decision on a class certification motion yet to be filed and heard in a different case.  The plaintiffs are entitled to litigate this case in North Dakota without having to wait on a possible ruling from another court in another case that may or may not have any effect on the proceedings before this Court.  A class certification determination by the District of Minnesota is not a foregone conclusion. Although commenced as proposed class actions, it is possible that the <u>Cox</u> and <u>Minnerath</u> cases may never reach class certification.  A stay of litigation for some indefinite period of time pending the outcome of a motion for class certification in the District of Minnesota, which may or may not be filed, will not promote judicial economy.

There is also an absence of complete identity of the parties to the present action and the actions pending in the District of Minnesota. Not only do the plaintiffs and proposed class representatives differ, but the case in North Dakota involves a potentially different class of persons and entities than those involved in the Cox and/or Minnerath actions. As such, a resolution of this case may still be necessary irrespective of any later determination on class certification made by the District of Minnesota. If a stay is issued here, the plaintiffs and members of the putative class will be forced to withstand unnecessary and indefinite delays before obtaining relief. This is especially true if no determination of class certification is reached by the District of Minnesota. Such delays weigh heavily against a stay of this litigation. If circumstances dramatically change in the litigation pending in Minnesota, the Court can address that at a later date.

III.     **CONCLUSION**

For the reasons set forth above, the Court, in its discretion, believes that this case needs to move forward irrespective of the pending litigation in Minnesota. As a result, the Court **DENIES** Zurn's motion to stay (Docket No. 5).

        **IT IS SO ORDERED.**

Dated this 9th day of January, 2008.

                    */s/ Daniel L. Hovland*
                    Daniel L. Hovland, Chief Judge
                    United States District Court

5